**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**DEMETRIUS WATKINS**                                                     **PLAINTIFF**

**v.**                          **CIVIL ACTION NO. 3:12CV-P585-S**

**DETECTIVE JONATHAN SNOW et al.**                               **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff, Demetrius Watkins, filed a *pro se*, *in forma pauperis* complaint and amended complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

**I.**

Plaintiff, who was at the time of filing the complaint a pretrial detainee at the Nelson County Jail, sued Nelson County Sheriff's Department Detective Jonathan Snow, the Nelson County Police, Detective Jason Allison, and Sergeant Ed Mattingly. Plaintiff raised numerous allegations concerning his arrest in February 2012. He alleged that he was not Mirandized; that there was a "Jane Doe Warrant"; that he was subjected to racial profiling; that the Fourth and Fifth Amendments were violated; and that the accusation of guilt was based on physical description and past history. He further alleged: "no search warrent by Commonwealth, no physical evidence found at location of crime. No exculpatory evidence, no lab reports, only hear say. No eyewitness." He also asserted that the plea agreement was already negotiated; that no lawyer was present at the time of arrest; that "false statements [were] made by police"; and that he was falsely imprisoned. He also asserted that Defendants slandered him. As relief, Plaintiff

requested monetary and punitive damages.

The Court stayed the case pending the final disposition of the criminal case against Plaintiff. Plaintiff notified the Court of the final disposition of the state criminal action against him, *i.e.*, that he entered a guilty plea and was sentenced to five years. Therefore, the Court entered an Order reopening this case. On the same day that the Court entered its Order reopening this case, Plaintiff filed an amended complaint.

The amended complaint lists as Defendants Jonathon Snow, Detective Jason Allison, Sergeant Ed Mattingly, and Deputy Reece Riley. The allegations of the amended complaint are essentially the same as the original complaint.

The Court will now conduct its initial review on both the complaint and the amended complaint. For the following reasons, the Court will dismiss this action.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of*

*Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Federal claims*

Plaintiff's federal claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).[1] Under the *Heck* doctrine, a state prisoner may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on his claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. The *Heck* bar applies to claims of false imprisonment. *Parker v. Phillips*, 27 F. App'x 491, 493

---

[1]Plaintiff has informed the Court that he pleaded guilty. A guilty plea is the equivalent of a conviction for purposes of the *Heck* bar. *McNeill v. People of New York*, 242 F. App'x 777, 778 (2d Cir. 2007).

(6th Cir. 2001). The *Heck* bar also applies to claims that a plaintiff was not given a *Miranda* warning, that false statements were made against him, and that he was "generally denied . . . his constitutional rights under the Due Process and Equal Protection Clauses." *Bussell v. Martins*, No. 95-5268, 1995 WL 631449, at *1 (6th Cir. Oct. 26, 1995). In short, all of the federal claims brought by Plaintiff in this action are barred by *Heck* and will be dismissed by separate Order.

*State-law claims*

Because Plaintiff's federal-law claims will be dismissed, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3). Those claims will be dismissed without prejudice.

### III.

By separate Order, Plaintiff's federal claims will be dismissed, and his state-law claims will be dismissed without prejudice.

Date: May 2, 2013

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4411.009